BRADY, Justice:
Appellant was indicted for the crime of grand larceny for feloniously taking an Omega man’s watch with diamonds valued at $800, and three sets of gold wedding rings valued at $100 each, totaling the sum of $1100. Tersely stated, the record reveals these relevant facts.
Between midnight and one o’clock in the morning on December 9, 1970, a man answering the description of the appellant was seen by Cecil Shoemake, an officer of the Police Department of Laurel. He was in the vicinity of the diamond shop. Officer Shoemake was approximately a half block from the appellant. The appellant had in his hand a stick or a cane that shined. Officer Shoemake was riding in one of the patrol cars at the time. Police Officer Lavell Herrington of the Laurel Police Department also saw the appellant come out of an alley between Reeder Street and Thames in the City of Laurel. He, too, noticed that the appellant had a bright, shiny object in his hand, and when appellant saw that Officer Herrington had seen him, he turned and “took off in a fast walk.” Officer Herrington checked the store buildings on his beat. In patrolling his beat he detected the steel, shiny object which he had seen in the hands of the person who turned out to be the appellant. Officer Herrington saw that the plate glass window of the diamond shop had been broken. He immediately called the captain on the shift and subsequently detectives were called. Captain Segrest of the Laurel Police Department swore out an affidavit for the arrest of the appellant. The record discloses that an informant by the name of Henry Portis advised Captain Segrest that the appellant was the person who had broken into the shop and had stolen the items set out in the indictment.
The record disclosed that the appellant was arrested, advised of his rights under the Miranda rule and the appellant admitted to Captain Segrest that he had taken the watch and the rings. The watch was on his person when he was arrested by Officer Lawrence Moore, who told him that a warrant for his arrest had been sworn out.
This case was ably tried, particularly by counsel representing the appellant. Three errors are assigned, the first being that the court erred in permitting all physical evidence and the alleged confession of the appellant to be admitted into evidence. There is no merit in this contention for the reason that the testimony of Captain Tommy Segrest and Officer Lawrence Moore clearly reveals that the appellant was arrested before he was searched and he was advised thoroughly as to his constitutional rights under the Miranda decision. He was told that he could remain silent, that he had the right to talk to a lawyer for advice before any questions were asked him, that if he could not afford a lawyer that one would be appointed before questioning him, that anything he said could be used against him in court, that he could stop answering any questions at any time he desired and that a lawyer would be furnished him if he desired one.
In the trial of the case objection to the introduction of any physical evidence and the alleged confession was made by able counsel representing the appellant. In the absence of the jury the record reveals that there was probable cause for the introduction of this evidence and the confession because Captain Segrest testified that his informer was a credible person, that he had formerly used the informer, Henry Portis, and that the information which he obtained in the case at bar was credible.
The second error is that the trial court erred in admitting evidence offered by the state as to the ownership of the alleged stolen goods and the value thereof, asserting that it was hearsay and was in violation of the best evidence rule. With reference to this error, Mr. Albert H. Brown, who is the son of Harry Brown, the owner of the diamond shop, positively testified that his father, Mr. Harry Brown, owned everything which was in the dia *210 mond shop; that he did not own anything. He knew the position of the diamond watch in the show window and stated that through the break in the glass the watch could easily be removed from the show window. He testified that the watch was what is known as a “lemon,” meaning that it was a slow-moving item because of its expense; that the watch had been in his father’s store for approximately five years and that it was worth $800 and the three sets of wedding rings were worth $100 each. The questions directed to Mr. Albert H. Brown as to the ownership and value were properly propounded and were properly answered. Since the watch had been in the store for five years and since Mr. Harry Brown owned everything within the store and these facts were known to Mr. Albert H. Brown, such knowledge was sufficient to establish the ownership and the value of the stolen articles. It follows, therefore, that there is no merit in the second error urged by the appellant.
The third error urged is that the court should not have admitted into evidence the alleged confession without its first having been qualified. The record discloses that it was properly qualified. The appellant took the stand in his own behalf and denied that he had made any confession, denied that he took the watch and the rings, stating that he had purchased the watch from a young man on December 12 or 15, 1970, and that he paid the young man, whose name is Max Carter, the sum of $20. He stated he had never known Max Carter prior to the time he purchased the watch; that he met him while he was “out socializing one night and I met him at a bar.” Thus was placed in sharp conflict the testimony of Captain Segrest and Officer Lawrence Moore as to how the appellant obtained possession of the watch.
The jury was properly instructed in this case and no complaint is made with reference to the instructions which were granted the appellant or the state. The jury resolved the facts against the appellant and found the appellant guilty. He was sentenced to four and one-half years in the state penitentiary.
Failing to find any reversible error in this case, for the foregoing reasons this judgment is affirmed.
Affirmed.
RODGERS, P. J., and JONES, INZER and SUGG, JJ., concur.